United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| CAROLE A. JONES, | § | Civil Action No. |
| Plaintiff, | § | 4:21-cv-03612 |
| | § | |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| | § | |
| US BANK NA and | § | |
| SELECT PORTFOLIO | § | |
| SERVICING INC, | § | |
| Defendants. | § | |

## Order Granting Summary Judgment

Plaintiff Carole A. Jones executed a promissory note and deed of trust on her residence on September 15, 2004. Dkts 10-2 & 10-3. She executed two loan modification agreements in 2010 and 2012. Dkts 10-5 & 10-6. Jones defaulted on the second loan modification agreement on November 1, 2014.

Defendants sent a notice of default with intent to accelerate in August 2016 and a notice of acceleration and substitute trustee's sale in September 2021. Dkts 10-7 & 10-8. Jones in response brought this action seeking injunctive relief against Defendants in Texas state court, alleging violations of Regulation X of the Real Estate Settlement Procedures Act, negligence, violations of the Texas Property Code, and breach of contract. See Dkt 1-4 at 1–11.

Defendants removed the action and now move for summary judgement on all claims. Dkts 1 & 10. Jones hasn't responded.

"It is well established in the Fifth Circuit that a federal court may not grant a 'default' summary judgment when

no response has been filed." *Morgan v Federal Express Corp*, 114 F Supp 3d 434, 437 (SD Tex 2015) (quotation marks and alteration omitted), citing *Eversley v MBank of Dallas*, 843 F2d 172, 174 (5th Cir 1988). But if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. Ibid. The Fifth Circuit likewise holds that when a nonmovant bears the burden of proof at trial, a movant may make a proper summary judgment motion under Rule 56 by alleging that the nonmovant has "no evidence" of its claims. *Austin v Kroger Texas LP*, 864 F3d 326, 335 (5th Cir 2017, *per curiam*).

Jones bears the burden of proof as to each of her claims. And Defendants assert that she has no evidence supporting these claims. Dkt 10 at 7–14. Defendants further submit that undisputed evidence and controlling law entitle them to judgment against Jones on these claims because (among other reasons) Regulation X of the RESPA isn't applicable, there's no support for the proposition that Defendants were required to comply with any Department of Housing and Urban Development regulations, and no foreclosure sale has occurred. Ibid. Any claim for injunctive relief likewise fails because Jones has no viable underlying cause of action. Id at 15.

Defendants are entitled to summary judgment on all claims by Jones.

The motion by Defendants US Bank NA and Select Portfolio Servicing Inc for summary judgment on all claims by Plaintiff Carole A. Jones is GRANTED. Dkt 10.

The claims brought by Plaintiff Carole A. Jones are DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on May 31, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

2